UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                                         :
KATHERINE CHAN LO and CHRIS CHAN LO,    :    Civil Action No.: 12-cv-5632 (KBF)
                                                         :    ECF Case
                    Plaintiffs,                          :
                                                         :
                                                         :
            v.                                           :
                                                         :
RICHEMONT NORTH AMERICA, INC.,          :
CARTIER, a Division of Richemont North    :
America, Inc., MARGARITA B. WALLACH,   :
JANE DOE, JOHN DOE, and ABC                :
CORPORATION,                                       :
                                                         :
                    Defendants.                          :
--------------------------------------------------------- X

MEMORANDUM OF LAW IN SUPPORT OF
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Harley I. Lewin
McCARTER & ENGLISH, LLP
245 Park Avenue, 27th Floor
New York, New York  10167
Tel.:  (212) 609-6800
Fax:  (212) 609-6921

*Attorneys for Defendants Richemont North*
*America, Inc., Cartier, a Division of Richemont*
*North America, Inc., and Margarita Wallach,*
*improperly named as Margarita B. Wallach*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................. 3

I.    CARTIER'S EFFORTS TO PROTECT THE CARTIER® TRADEMARK ..................... 3

II.   THE LEGAL PROCEEDINGS ........................................................................ 4

III.  THIS COURT HAS FOUND PLAINTIFF KATHERINE CHAN LO A PROPER
      DEFENDANT IN THE FIRST ACTION ............................................................ 6

ARGUMENT ...................................................................................................... 7

I.    ABSENT FACTUAL ALLEGATIONS (RATHER THAN MERE CONCLUSIONS)
      SHOWING AN ENTITLEMENT TO RELIEF, A COMPLAINT WILL FAIL TO
      SURVIVE A MOTION TO DISMISS ................................................................. 7

II.   PLAINTIFF CHRIS CHAN LO LACKS STANDING TO BRING THE CLAIMS
      STATED IN THE 5632 COMPLAINT AS HE CANNOT SHOW ANY INJURY IN
      FACT NOR CAUSAL CONNECTION ARISING FROM OR BY REASON OF THE
      FIRST ACTION ............................................................................................ 8

III.  FIRST AND SECOND CAUSES OF ACTION IN THE 5632 COMPLAINT
      ALLEGING DEFAMATION FAIL. THE ALLEGED DEFAMATORY STATEMENTS
      ARE PROTECTED BY AN ABSOLUTE PRIVILEGE ......................................... 9

IV.   5632 COMPLAINT THIRD CAUSE OF ACTION: FALSE OR FRIVOLOUS ACTION,
      DOES NOT RISE TO A COGNIZABLE LEGAL CLAIM. IN ADDITION, THE
      COURT FOUND DURING THE HEARING ON AUGUST 1 THAT KATHERINE
      CHAN LO IS A PROPERLY NAMED DEFENDANT IN THE FIRST ACTION.  AS
      SUCH, PLAINTIFFS HAVE NO CLAIM. ........................................................ 11

      A.    An Abuse of Process Claim Cannot Lie. ................................................ 11

      B.    A Claim for Malicious Prosecution Is Improper Because the Litigation Upon
            Which the 5632 Plaintiffs Base Their Claims Is Still Pending Before This Court. 12

V.    5632 COMPLAINT FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION
      OF EMOTIONAL DISTRESS FAILS AS 5632 DEFENDANTS' CONDUCT IS
      NEITHER EXTREME NOR OUTRAGEOUS. ................................................... 13

VI.   5632 COMPLAINT FIFTH CAUSE OF ACTION: IDENTITY THEFT FAILS AS 5632
      PLAINTIFFS FAIL TO ALLEGE ANY CONNECTION BETWEEN THE FIRST

ACTION AND PURPORTED VIOLATIONS OF THE FAIR CREDIT REPORTING ACT...................................................................................................14

VII.    5632 COMPLAINT SIXTH CAUSE OF ACTION: MAIL THEFT/LARCENY FAILS BECAUSE IT IS A CRIMINAL OFFENSE THAT DOES NOT CREATE A PRIVATE RIGHT OF ACTION. ..................................................................................16

    A.    18 U.S.C. § 1702 is a Federal Criminal Statute For Larceny and Does Not Create a Private Right of Action. ................................................................16

    B.    New York Does Not Recognize a Civil Cause of Action Based Upon Larceny (Section 155.05 of the New York Penal Code)....................................16

    C.    Even if the Criminal Statute Permitted a Private Cause of Action the Claim Would Still Fail as the Access to Katherine Chan Lo's Mail Was Authorized by Court Order. .......................................................................................17

VIII.   5632 COMPLAINT SEVENTH CAUSE OF ACTION:  INVASION OF PRIVACY AND MAIL THEFT FAIL BECAUSE INVASION OF PRIVACY IS NOT A VIABLE TORT CLAIM UNDER NEW YORK LAW. ..............................................17

IX.     5632 COMPLAINT EIGHTH CAUSE OF ACTION: IS DEFICIENT AS THE 5632 PLAINTIFFS DO NOT PLEAD ANY FACTS EVIDENCING DISCRIMINATION. ...18

X.      5632 PLAINTIFFS' CLAIMS ARE BARRED TO THE EXTENT THEY ARE COMPULSORY COUNTERCLAIMS OR DEFENSES TO THE First Action. .............19

CONCLUSION................................................................................................21

ME1 13860852v.7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................................................7

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ...........................................................................................7

*Bloch v. Pike,*
   No. CV-09-5503, 2010 U.S. Dist. LEXIS 62359 (E.D.N.Y. May 20, 2010) ...................16, 18

*Brown v. City of Oneonta,*
   221 F.3d 329 (2d Cir. 2000) ...............................................................................18

*Burt v. Smith,*
   73 N.E. 495 (1905) ...........................................................................................12

*Cascio v. Nettles,*
   No. 8:09-CV-1128, 2011 U.S. Dist. LEXIS 97200 (N.D.N.Y. Aug. 30, 2011) ...............20-21

*Church of Scientology of Calif. v. Siegelman,*
   94 F.R.D. 735 (S.D.N.Y. 1982) ...........................................................................14

*Cohain v. Klimley,*
   Nos. 08 Civ. 5047, 09 Civ. 4527, 2011 WL 3896095 (S.D.N.Y. Aug. 31, 2011) .............16-17

*Cooper v. U.S. Postal Serv.,*
   577 F.3d 479 (2d Cir. 2009) .................................................................................8

*Critical-Vac Filtration Corp. v. Minuteman Int'l,*
   233 F.3d 697 (2d Cir. 2000) ...............................................................................20

*Curiano v Suozzi,*
   469 N.E.2d 1324 (N.Y. 1984) .............................................................................11

*Farrow v. Allstate Ins. Co.,*
   862 N.Y.S.2d 92 (N.Y. App. Div. 2008) ................................................................17

*Gay v. Terrell,*
   No. 12–CV–2925, 2012 WL 2564553 (E.D.N.Y. June 30, 2012) ....................................9

*Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.,*
   973 F.2d 155 (2d Cir. 1992) ...............................................................................20

*Howell v. New York Post Co., Inc.,*
   612 N.E.2d 699 (1993) ......................................................................................13

ME1 13860852v.7

*Hurwitz v. U.S.*,
    884 F.2d 684 (2d Cir. 1989)...................................................................................17-18

*Ibar v. Marshall Field*,
    No. 97 Civ. 5211, 1998 U.S. Dist. LEXIS 15523 (S.D.N.Y. Oct. 2, 1998) ............14

*Johnston v. Torres*,
    No. 88 Civ. 7697, 1990 U.S. Dist. LEXIS 15780 (S.D.N.Y. Nov. 20, 1990) ........16

*Khan v. Duane Reade*,
    776 N.Y.S.2d 281 (App. Div. 2004).........................................................................12

*Lazich v. Vittoria & Parker*,
    592 N.Y.S.2d 418 (N.Y. App. Div. 1993) ...............................................................14

*Leser v. Karenkooper.com*,
    No. 104005/07, 2008 WL 192099 (N.Y. Sup. Ct. Jan. 14, 2008)...........................15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)....................................................................................................8

*Masjid Al-Tawheed Inc. v. Town of Putney*,
    336 F. App'x 60 (2d Cir. 2009) ...............................................................................19

*Messenger ex rel. Messenger v. Gruner + Jahr Printing & Publ'g*,
    727 N.E.2d 549 (N.Y. 2000).....................................................................................17

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
    7 F.3d 1085 (2d Cir. 1993).......................................................................................18

*Nashville Milk Co. v. Carnation Co.*,
    355 U.S. 967 (1958)..................................................................................................16

*Nevin v. Citibank, N.A.*,
    107 F. Supp. 2d 333 (S.D.N.Y. 2000).....................................................................10

*Night Hawk Ltd. v. Briarpatch Ltd.*,
    No. 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179 (S.D.N.Y. Dec. 30, 2003).........10

*Palisades Collection v. Sadowski*,
    884 N.Y.S.2d 843 (N.Y. Dist. Ct. 2009).............................................................11, 12

*Papp v. Debbane*,
    790 N.Y.S.2d 450 (N.Y. App. Div. 2005) ...............................................................18

*Park Knoll Assoc. v. Schmidt*,
    451 N.E.2d 182 (N.Y. 1983)......................................................................................9

iv

*People v. Kahn,*
    7 N.Y.S.2d 165 (N.Y. Cty. Ct. 1938)..................................................................16

*Puffin Company, LLC v. Kvitka,*
    No. CV 06-3579, 2007 U.S. Dist. LEXIS 29382 (E.D.N.Y. Apr. 19, 2007)..........20

*Pusch v. Pullman,*
    No. 120132/00, 2003 WL 24303788 (N.Y. Sup. Ct. Nov. 5, 2003) ......................10

*Reddington v. Staten Island Univ. Hosp.,*
    511 F.3d 126 (2d Cir. 2007)....................................................................................7

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007)....................................................................................7

*Samuels v. Air Transp. Local 504,*
    992 F.2d 12 (2d Cir. 1993)......................................................................................7

*Sash v. Rosahn,*
    450 F. App'x 42 (2d Cir. 2011) .............................................................................10

*Sciolino v. Marine Midland Bank-Western,*
    463 F. Supp. 128 (W.D.N.Y. 1979)......................................................................16

*Sexter & Warmflash, P.C. v. Margrabe,*
    828 N.Y.S.2d 315 (N.Y. App. Div. 2007) ..............................................................9

*Toker v. Pollak,*
    376 N.E.2d 163 (N.Y. 1978)..................................................................................10

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,*
    454 U.S. 464 (1982)................................................................................................8

*Zavalidroga v. Cote,*
    395 F. App'x 737 (2d Cir. 2010) ...........................................................................19

**RULES AND STATUTES**

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 7, 19

Fed. R. Civ. P. 13(a)(1)(A) ...............................................................................20

18 U.S.C. § 1702.................................................................................................16

42 U.S.C. § 1981.................................................................................................18

15 U.S.C. § 1051 *et seq.*.......................................................................................4

N.Y. Civ. Rights Law § 50 .................................................................................17

ME1 13860852v.7

N.Y. Civ. Rights Law § 51 ........................................................................................17

N.Y. Gen. Bus. Law § 380-s....................................................................................2, 15

N.Y. Penal Law § 155.05 ..........................................................................................16

ME1 13860852v.7

Defendants Richemont North America, Inc., Cartier, a Division of Richemont North America, Inc. and Margarita Wallach, improperly named as Margarita B. Wallach (collectively, the "5632 Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs Katherine Chan Lo's and Chris Chan Lo's (collectively, the "5632 Plaintiffs") Amended Complaint ("5632 Complaint") in its entirety for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

As the Court is aware, in 2009 Cartier commenced research into the sale of counterfeit CARTIER® goods in the Canal Street area of New York City. As a result, Cartier identified a number of individuals, including Plaintiff Katherine Chan Lo, and companies who are offering for sale and selling counterfeit CARTIER® products. Cartier and Cartier International A.G. (collectively, the "First Action Plaintiffs"), on or about July 6, 2012, commenced a federal lawsuit against these parties, 12 CV 4443, which is pending before this Court (the "First Action"). The Court granted the First Action Plaintiffs emergency relief, which allowed them to, among other things, search and seize documents and things potentially related to counterfeit activities and assets derived therefrom. *See* Declaration of Harley I. Lewin dated August 8, 2012 ("Lewin Dec.") at Exhs. E, F. Plaintiffs Katherine Chan Lo and Chris Chan Lo concede the scope of the Order in their 5632 Complaint at ¶ 16.

Wasting the valuable time and resources of this Court, Plaintiffs Katherine Chan Lo and Chris Chan Lo (who is not a party to the First Action), rather than properly responding to the complaint in the First Action, commenced the instant lawsuit, which was removed to this Court, alleging absurd and unsubstantiated claims. Plaintiffs Katherine Chan Lo and Chris Chan Lo asserted, among other things, that Cartier identified and sued the wrong Katherine Chan Lo. *See* Lewin Dec. at Exhs. H, I. The fallacious nature of those allegations was demonstrated in the

clearest of terms when this Court found, in the First Action, that "by really clear and convincing evidence far beyond a preponderance of the evidence, Ms. Katherine Chan Lo is in fact the individual that is named properly in [the First Action] and against whom a preliminary injunction has been issued." *Id.* at Exh. A at 132:16-20.

The 5632 Defendants respectfully request that the asserted claims in the 5632 Complaint be dismissed for the following reasons: 1) counts one through eight of the 5632 Complaint all fail to state a claim upon which any action may be brought as to all Defendants herein; 2) if any such counts survive after the within motion, they are more properly brought as affirmative defenses and/or counterclaims in the First Action, and having not been timely filed, are thus barred; and 3) as to Plaintiff Chris Chan Lo, he lacks standing as he has not, nor can he allege any injury arising from the First Action.

In particular, counts one and two of the 5632 Complaint alleging defamation are deficient because the statements alleged to be defamatory are protected by an absolute privilege as they were made in connection with the First Action.  Count three for false or frivolous action does not state a cognizable claim and is in any event more properly asserted as a defense to the First Action.  The conduct that the 5632 Plaintiffs allege form the basis of the fourth count (intentional infliction of emotional distress) is neither extreme nor outrageous, both are required to avoid dismissal.  The fifth count for identity theft pursuant to Section 380-s of the New York Fair Credit Reporting Act is inapposite because the 5632 Plaintiffs have failed to allege any facts concerning credit reports or misuse of a name in connection with credit and services.  The sixth count for mail theft fails because it alleges a violation of a <u>criminal</u> statute for which there is no private right of action.  The seventh count alleging violation of privacy fails because New York does not recognize a common law right to privacy.  The eighth count alleging discrimination

2

fails because the 5632 Plaintiffs do not state any facts other than conclusory statements that the 5632 Defendants engaged in any form of discrimination.

## STATEMENT OF FACTS

I. **CARTIER'S EFFORTS TO PROTECT THE CARTIER® TRADEMARK**

Cartier is one of the preeminent symbols of luxury in the World.  The CARTIER® brand dates back more than 150 years, when Louis François Cartier, master jeweler to Europe's royalty, founded the House of Cartier and established his jewelry business in Paris, France.  *See* Lewin Dec. at Exh. C at ¶ 20.  Cartier is a global empire, with sales of the Cartier products exceeding millions of dollars in retail sales in the last ten years. *See id.* at ¶ 32.

Cartier is well-known for their anti-counterfeiting efforts, which are ongoing.  In 2009, Cartier initiated a project to identify and stop individuals and companies who were engaged at a higher level of counterfeiting than at retail alone (the "Investigation"). *See* 5632 Complaint at Exh. A.  Cartier decided to focus its efforts around Canal Street, New York City.  To that end, Thomas Yeepun ("Yeepun"), a former law enforcement officer with the Fairfax County Police Department, Virginia, was retained as a consultant. *See id.* at ¶¶ 4, 5.  After months of research, Yeepun learned that counterfeit versions of CARTIER® watches were being sold at, *inter alia,* Shun Da Enterprises d/b/a New York China Town Souvenir Gift Center located at 49 Mott Street, New York, New York (the "Mott Street Store"). *See id.* at ¶¶ 5-7.

Private investigator James Perrone ("Perrone") commenced the Investigation in 2011. Perrone posed as a person interested in purchasing fake CARTIER® watches who operated a business at the port of Wilmington, North Carolina. *See id.* at ¶¶ 15-16; Lewin Dec. at Exh. D at ¶ 16.  At the instructions of the First Action Plaintiffs' counsel, Perrone informed the Homeland Security Office located in Wilmington, North Carolina about the Investigation and cooperated with Homeland Security as the Investigation continued. *See id.* at ¶ 14.

3

First Action Plaintiffs, with the assistance of Homeland Security, at first identified Plaintiff Katherine Chan Lo only as a person of interest.  *See, e.g.*, Lewin Dec. at Exh. A at 15-22.  On March 19, 2012, Perrone and Yeepun traveled to 49 Mott Street to purchase counterfeit CARTIER® watches.  Yeepun saw a woman (later identified as Plaintiff Katherine Chan Lo) deliver a package containing counterfeit CARTIER® watches to the Mott Street Store.  *See id.* at ¶¶ 39-41; 5632 Complaint at Exh. A at ¶ 19.   Yeepun later firmly identified Plaintiff Katherine Chan Lo in open court at the evidentiary hearing in the First Action held on August 1, 2012.  *See* Lewin Dec. at Exh. A at 72:16-73:2.

## II.   THE LEGAL PROCEEDINGS

The First Action Plaintiffs commenced the First Action on June 6, 2012, alleging claims arising from the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related state law claims.[1]  *See id.* at Exh. C.  Plaintiff Chris Chan Lo is not a party to the First Action.

Together with their Complaint, First Action Plaintiffs filed an application for a Temporary Restraining Order, Order Restraining Assets, Order for Expedited Discovery, Order Sealing the File and Order to Show Cause for Preliminary Injunction (the "TRO").  Finding that the First Action Plaintiffs are "likely to succeed in showing Defendants have used and are continuing to use counterfeits and infringements of [the First Action] Plaintiffs' Marks in connection with the import, distribution, offer for sale, shipping and/or sale of merchandise, in particular women's and men's watches" and will be irreparably harmed if "such activities are not restrained and enjoined," the Court granted the TRO on June 13, 2012.[2]  *See id.* at Exh. E 27.

---

[1] The First Action is styled as *Richemont North America, Inc. et al v. Linda Lin Huang, et al.*, 12 CV 4443.

[2] The TRO was amended.  The Court signed the Amended TRO on June 25, 2012.  *See* Lewin Dec. at Exh. F.

4

The TRO and the Amended TRO permitted First Action Plaintiffs to, among other things, "inspect and copy" the defendants' "records of the purchase, import, export, shipping, manufacture, inventory, location, and sale of Counterfeit Products wherever located, and to conduct inventory and remove under the control of [the First Action] Plaintiffs' counsel, *as an agent of this Court*, of all Counterfeit Products under Defendants direct or indirect control. . . ." *Id.* at Exhs. E, F (emphasis added). The TRO and Amended TRO also allowed First Action Plaintiffs to "seize, impound . . . the books and records relating [to the unauthorized and unlicensed merchandise bearing Plaintiffs' Trademarks and the means for making and/or packaging the same], . . . at all locations within this Judicial District . . . including but not limited to *1562 First Avenue, # 332, New York, New York 10028*." *Id.* (emphasis added). The 1562 First Avenue address was identified to the Court by First Action Plaintiffs as a rental mailbox used by Katherine Chan Lo. *See generally id.* at Exh. B at 13:18-25, 15-17, 28:25-29:5. The 5632 Plaintiffs commenced the instant action on July 6, 2012, in the Supreme Court of the State of New York, New York County, Index No. 154338/2012. In the 5632 Complaint they named the First Action Plaintiffs as defendants as well as Margarita Wallach (improperly named as Margarita B. Wallach), one of the attorneys representing the First Action Plaintiffs in the First Action.

The 5632 Plaintiffs' assertions in the 5632 Complaint all stem from and are directly related to the First Action.[3] *See, e.g.*, 5632 Complaint at ¶ 6. The 5632 Defendants removed this action to this Court on July 23, 2012. *See* 12 CV 5632 at Dkt. No. 1. No opposition has been

---

[3] As of this date Plaintiff Katherine Chan Lo has not answered the complaint in the First Action. From their actions, it is clear that the state court filing was an attempt to create adverse publicity for the Cartier Plaintiffs and force withdrawal of the First Action.

filed to the removal.  This Court accepted removal and referral on August 6, 2012.  *See* 12 CV

5632 at Dkt. No. 2.

## III. THIS COURT HAS FOUND PLAINTIFF KATHERINE CHAN LO A PROPER DEFENDANT IN THE FIRST ACTION.

After several adjournments, precipitated by actions of Katherine Chan Lo and her

counsel, this Court finally held a hearing in the First Action on First Action Plaintiffs'

application for a preliminary injunction against Katherine Chan Lo on 12 July 2012.  *See* Lewin

Dec. at Exh. G.  At the close of the hearing, the Court found that First Action Plaintiffs had

*prima facie* met their burden of demonstrating they were likely to succeed in showing that

Katherine Chan Lo was a proper defendant in the First Action and that First Action Plaintiffs

were likely to succeed on the merits of their claims at trial.  The Court entered a Preliminary

Injunction and Order against Katherine Chan Lo on July 12, 2012.  *Id.*  Thereafter, again after

adjournments due entirely to actions of Katherine Chan Lo and her counsel, the Court held a

special evidentiary hearing on August 1, 2012.  *See id.* at Exh. I.  The Court had ordered

Katherine Chan Lo to appear in person or be punished by civil contempt.  *Id.*

On August 1, 2012 after a full and complete hearing, including, *inter alia,* the testimony

of Katherine Chan Lo, Yeepun and Perrone, the Court found that First Action Plaintiffs

presented overwhelming evidence, "far beyond a preponderance of the evidence," to show they

indeed had named the proper defendant[4] and ordered that the Preliminary Injunction be

continued against Katherine Chan Lo.[5]  *Id.* at Exh. A at 132:16-133:8.

---

[4] The 5632 Action Defendants/First Action Plaintiffs support the Court's consideration of a
reference to the U.S. Attorney's Office for investigation for perjury.  Lewin Dec. at Exh. A at
132:21-133:1.

[5] All parties have stipulated to the preliminary injunction with the exception of Nam Dong
Jameson Hon a/k/a "PO" a/k/a Nam D. Hon, who has not appeared nor responded to service.

ME1 13860852v.7

**ARGUMENT**

## I.  ABSENT FACTUAL ALLEGATIONS (RATHER THAN MERE CONCLUSIONS) SHOWING AN ENTITLEMENT TO RELIEF, A COMPLAINT WILL FAIL TO SURVIVE A MOTION TO DISMISS.

Under Fed. R. Civ. P. 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), in which the Supreme Court heightened the pleading standard). A plaintiff must assert "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*; *see also Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 132 (2d Cir. 2007) ("Bald assertions and conclusions of law will not suffice."). The Court may also consider matters of which judicial notice may be taken on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

The issues raised and the documents filed in the First Action may be considered by the Court in connection with this motion to dismiss because the 5632 Plaintiffs referred to the First Action and documents filed in that action in the 5632 Complaint. *See, e.g.*, 5632 Complaint at ¶¶ 6, 7, 9, 16; *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted) (courts may consider "[d]ocuments that are attached to the complaint or incorporated in it by reference," as well as "a document upon which the complaint solely relies and which is integral to the complaint" in a motion to dismiss).

Plaintiffs raise eight claims against Defendants:  (i) Defamation; (ii) Defamation (Libel); (iii) False or Frivolous Action; (iv) Intentional Infliction of Mental Distress; (v) Identity Theft; (vi) Mail Theft/Larceny; (vii) Invasion of Privacy; and (viii) Discrimination each of which as detailed below fails to state a claim.  Moreover, Plaintiff Chris Chan Lo's claims should be dismissed for the additional reason of lacking any standing to bring his claims.  Finally, to the degree the problems with any of the claims made in the 5632 Complaint are somehow magically solved, they are properly brought as defenses and/or counterclaims in the First Action.

## II.   PLAINTIFF CHRIS CHAN LO LACKS STANDING TO BRING THE CLAIMS STATED IN THE 5632 COMPLAINT AS HE CANNOT SHOW ANY INJURY IN FACT NOR CAUSAL CONNECTION ARISING FROM OR BY REASON OF THE FIRST ACTION.

The 5632 Plaintiffs bear the burden to show that they have standing to bring this action. *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009) (Article III, Section 2 of the United States Constitution requires that a plaintiff have standing to assert a lawsuit).  Standing "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Id.* (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).  Both of the 5632 Plaintiffs must each demonstrate individually that: 1) each has suffered an injury in fact, 2) there is a causal connection between the injury and challenged action, and 3) that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  An injury in fact is an invasion of a legally protected interest which is: a) concrete and particularized and b) actual or imminent, not conjectural. *Id.*

The 5632 Complaint fails to establish the requisite standing to support any claims brought by Plaintiff Chris Chan Lo because it contains no allegations that Chris Chan Lo

8

MEI 13860852v.7

suffered an injury.  Plaintiff Chris Chan Lo asserts no claims in the 5632 Complaint against the 5632 Defendants.  In fact, the 5632 Complaint is devoid of *any* allegations concerning Plaintiff Chris Chan Lo.  Nor does Plaintiff Chris Chan Lo include any allegations that any injury, if presumed, arises from or is related to the claims asserted in the 5632 Complaint.

Plaintiff Chris Chan Lo is not a named defendant in the First Action.  *See* Lewin Dec. at Exh. C.  The 5632 Complaint does not allege that the 5632 Defendants took any adverse actions toward Chris Chan Lo.  In fact, Chris Chan Lo fails to put forth even a scintilla of evidence in the 5632 Action that he has suffered any injury at all.  As a result, Plaintiff Chris Chan Lo fails to establish that he has standing to bring any of the claims in the 5632 Complaint. For this reason alone his claims against the 5632 Defendants should be dismissed as a matter of law.  *Gay v. Terrell*, No. 12–CV–2925, 2012 WL 2564553, at *2 (E.D.N.Y. June 30, 2012) ("Here, all the allegations in the complaint relate only to Gay.  Thus, Jenkins cannot proceed as a plaintiff in this action.").

## III.   FIRST AND SECOND CAUSES OF ACTION IN THE 5632 COMPLAINT ALLEGING DEFAMATION FAIL.  THE ALLEGED DEFAMATORY STATEMENTS ARE PROTECTED BY AN ABSOLUTE PRIVILEGE.

Statements made in the course of, and relating to, judicial proceedings are protected by an absolute privilege from claims of defamation.  *See Sexter & Warmflash, P.C. v. Margrabe,* 828 N.Y.S.2d 315, 322 (N.Y. App. Div. 2007).  "An absolute privilege affords a speaker or writer immunity from liability for an otherwise defamatory statement to which the privilege applies, regardless of the motive with which the statement was made."  *Id.*  "The privilege extends to judges, jurors, counsel, witnesses, and . . . the parties to the proceeding."  *Id.* (citing *Park Knoll Assoc. v. Schmidt,* 451 N.E.2d 182, 184 (N.Y. 1983)).  "The absolute privilege afforded such individuals is designed to ensure that their own personal interest – especially fear of a civil action, whether successful or otherwise – do not have an adverse impact upon the discharge of

9

their public function." *Nevin v. Citibank, N.A.*, 107 F. Supp. 2d 333, 344 (S.D.N.Y. 2000)

(quoting *Toker v. Pollak*, 376 N.E.2d 163, 166 (N.Y. 1978) (internal citation omitted)).

      The 5632 Defendants are alleged to have defamed Katherine Chan Lo because of

"statements to the United States District Court in the Southern District of New York" and

"statements in [the 5632] Defendants' [First Action] complaint." 5632 Complaint at ¶¶ 27, 33.

The 5632 Plaintiffs' claims fail as the statements that the 5632 Defendants made concerning

Katherine Chan Lo in the First Action are privileged and not subject to a claim for defamation.

*See Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179, at \*22

(S.D.N.Y. Dec. 30, 2003) (stating that "the filing of a complaint and related affirmations are part

of court proceedings and thus absolutely privileged and cannot be the basis of a defamation

claim" and citing *Jong An Sul v. Ladds*, 702 N.Y.S.2d 78 (N.Y. App. Div. 2000)); *see also Sash

v. Rosahn*, 450 F. App'x 42, 44 (2d Cir. 2011).  The 5632 Plaintiffs' claims fail and must be

dismissed.

      In addition, as to Plaintiff Chris Chan Lo, any claims of defamation fail as a matter of law

because the 5632 Complaint is devoid of any allegations that Defendants defamed Chris Chan

Lo.  The only statements alleged to be defamatory are those made in connection with the First

Action, and Chris Chan Lo is not a party to the First Action.  There have been no pleadings or

statements made to this Court that involve Chris Chan Lo in any way.  As a result, claims of

defamation by Chris Chan Lo should be dismissed for failure to state a claim upon which relief

can be granted.  *See Pusch v. Pullman*, No. 120132/00, 2003 WL 24303788, at \*5 (N.Y. Sup. Ct.

Nov. 5, 2003) (statements were not defamatory when they were not "of and concerning" the

plaintiff).

ME1 13860852v.7

**IV.   5632 COMPLAINT THIRD CAUSE OF ACTION: FALSE OR FRIVOLOUS ACTION, DOES NOT RISE TO A COGNIZABLE LEGAL CLAIM. IN ADDITION, THE COURT FOUND DURING THE HEARING ON AUGUST 1 THAT KATHERINE CHAN LO IS A PROPERLY NAMED DEFENDANT IN THE FIRST ACTION.  AS SUCH, PLAINTIFFS HAVE NO CLAIM.**

The 5632 Plaintiffs' Third Cause of Action, which is titled "false or frivolous action," is based on the 5632 Plaintiffs' allegations that the First Action has no legal merit.  Yet, this Court held on August 1, 2012, that the First Action Plaintiffs had *prima facie* met their burden of showing that Katherine Chan Lo is a proper defendant in the First Action.  Lewin Dec. at Exh. A at 132:16-20; *see, supra*, Statement of Facts, Argument Section III.  In any event, New York law does not recognize a separate common law cause of action for a false or frivolous lawsuit.

To the extent that the 5632 Plaintiffs attempt to state a claim for either abuse of process or malicious prosecution in the Third Cause of Action, the allegations in the 5632 Complaint fail to support either of those claims.  If either of these claims were proper, which they are not, they should have been raised by Plaintiff Katherine Chan Lo as defenses to the First Action, not as separate causes of action by the 5632 Plaintiffs.  *See, infra*, Section X.

**A.     An Abuse of Process Claim Cannot Lie.**

To establish a claim for abuse of process the 5632 Plaintiffs must show that: 1) there was a regularly issued process, either civil or criminal, 2) that there was intent to do harm without excuse or justification, and 3) the use of the process was in a perverted manner to obtain a collateral objective. *See Curiano v Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. 1984)*; Palisades Collection v. Sadowski*, 884 N.Y.S.2d 843, 846 (N.Y. Dist. Ct. 2009).  Dismissal of an abuse of process claim is appropriate when there are no allegations of malicious intent or ulterior motive to do harm without justification. *See id.*

The 5632 Complaint is devoid of any allegations that the 5632 Defendants acted with a malicious intent or had an ulterior motive to harm the 5632 Plaintiffs without justification.  The

11

5632 Plaintiffs allege in conclusory fashion only that "[the 5632] Defendants' lawsuit against Plaintiff Lo has no legal merit," and that there "is no factual basis for [the 5632] Defendants' allegations against Plaintiff Lo." 5632 Complaint at ¶¶ 37, 38. These same allegations are wholly unsupported as the 5632 Plaintiffs fail to provide any facts in any form suggesting why the First Action has no merit. "A claim to recover damages for abuse of process cannot be based on the mere commencement of an action by summons and complaint, without unlawful interference with person or property." *Palisades,* 884 N.Y.S.2d at 846. Thus, the 5632 Plaintiffs have not sufficiently pled a claim for abuse of process.

**B.   A Claim for Malicious Prosecution Is Improper Because the Litigation Upon Which the 5632 Plaintiffs Base Their Claims Is Still Pending Before This Court.**

To the extent that the 5632 Plaintiffs attempt to state a claim for malicious prosecution, the 5632 Plaintiffs fail to allege sufficient facts to survive a motion to dismiss. A claim for malicious prosecution requires the 5632 Plaintiffs to show that the First Action was brought 1) with malice, 2) with want of probable cause, and 3) that there was a successful termination of the action in the plaintiffs' favor. *See Burt v. Smith,* 73 N.E. 495, 496 (1905).

A cause of action for malicious prosecution cannot lie because the 5632 Plaintiffs failed to allege that the 5632 Defendants acted with the requisite malice. *Khan v. Duane Reade,* 776 N.Y.S.2d 281, 281 (App. Div. 2004). Moreover, the First Action, upon which this action is based, is still pending before this Court. *See Palisades Collection v. Sadowski,* 884 N.Y.S.2d 843, 847 (N.Y. Dist. Ct. 2009) (dismissing defendant's counterclaim for malicious prosecution because the court did not rule in favor of the defendant on the merits of the plaintiff's cause of action).

Nor can the 5632 Plaintiffs allege that Cartier commenced the First Action with a want of probable cause. In granting the TRO, the Amended TRO and the application for a preliminary

12

injunction, the Court determined that the First Action Plaintiffs are likely to succeed on the

merits of the First Action.  *See* Lewin Dec. at Exhs. E, F, H.  For example, in the Amended

Temporary Restraining Order, this Court determined that:

> [The First Action Plaintiffs] are likely to succeed in showing
> Defendants have used and are continuing to use counterfeits and
> infringements of [Cartier's] marks in connection with the import,
> distribution, offer for sale, shipping and/or sale of merchandise, in
> particular women's and men's watches.

*Id.* at Exh. H.  The Court's findings of fact and conclusions of law in issuing a Preliminary

Injunction against Katherine Chan Lo likewise mirror the findings of the Amended TRO.  *Id.*

Thus, to the extent the 5632 Complaint can be read to include a claim for malicious prosecution,

such claim must be dismissed.

## V.     5632 COMPLAINT FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS AS 5632 DEFENDANTS' CONDUCT IS NEITHER EXTREME NOR OUTRAGEOUS.

A claim for intentional infliction of emotional distress requires a plaintiff to show that the

defendant engaged in 1) extreme and outrageous conduct, 2) which was intended to cause or with

disregard of the substantial probability of causing severe emotional distress, 3) that there is a

causal connection between the conduct and the injury, and 4) that the plaintiff experienced

severe emotional distress.  *See Howell v. New York Post Co., Inc.*, 612 N.E.2d 699, 702 (1993).

"The first element--outrageous conduct--serves the dual function of filtering out petty and trivial

complaints that do not belong in court, and assuring that [a] plaintiff's claim of severe emotional

distress is genuine."  *Id.* (citations omitted).  Accordingly, "[l]iability has been found only where

the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community."  *Id.*

The 5632 Plaintiffs' claims arise from their contentions that the 5632 Defendants erroneously filed the First Action and acted pursuant to this Court's Orders. *See, e.g.*, 5632 Complaint at ¶¶ 6, 16.  The act of filing a lawsuit is not considered extreme and outrageous conduct for purposes of establishing intentional infliction of emotional distress, however. *See Church of Scientology of Calif. v. Siegelman*, 94 F.R.D. 735, 741 (S.D.N.Y. 1982) (holding there was no intentional infliction of emotional distress where defendants threatened to commence a lawsuit, then threatened a second time after the first case was dismissed); *see also Ibar v. Marshall Field*, No. 97 Civ. 5211, 1998 U.S. Dist. LEXIS 15523, at *15-16 (S.D.N.Y. Oct. 2, 1998) (stating that "continuing an adversary proceeding that is still pending, maintaining an escrow created pursuant to a stipulation (purportedly entered under economic distress), and filing contempt motions (that were initially successful) is not extreme and outrageous conduct").  Nor are statements and conduct that occur "within the bounds of adversarial proceedings" considered extreme and outrageous. *See Lazich v. Vittoria & Parker*, 592 N.Y.S.2d 418, 419 (N.Y. App. Div. 1993).

Because filing the First Action does not qualify as "extreme and outrageous" conduct that would support a claim for intentional infliction of emotional distress, the Fourth Cause of Action should be dismissed as a matter of law.

## VI.    5632 COMPLAINT FIFTH CAUSE OF ACTION: IDENTITY THEFT FAILS AS 5632 PLAINTIFFS FAIL TO ALLEGE ANY CONNECTION BETWEEN THE FIRST ACTION AND PURPORTED VIOLATIONS OF THE FAIR CREDIT REPORTING ACT.

The basis for the identity theft claim is section 380-s of the New York Fair Credit Reporting Act, which provides:

> No person, firm, partnership, corporation, or association or employee thereof shall knowingly and with the intent to defraud, obtain, possess, transfer, use, or attempt to obtain, possess,

14

transfer, or use credit, goods, services or anything else of value
in the name of another person without his or her consent.

N.Y. Gen. Bus. Law § 380-s. "[T]he purpose of [the New York Fair Credit Reporting Act is] . . .

to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of

commerce for consumer credit." Legislative Findings and Intent, L. 1977, c. 867 (relating to the

New York Fair Credit Reporting Act). Thus, if a plaintiff's complaint does not concern credit

reports, it does not fall within the scope of the New York Fair Credit Reporting Act. *See Leser v.

Karenkooper.com*, No. 104005/07, 2008 WL 192099, at *3 (N.Y. Sup. Ct. Jan. 14, 2008).

In *Leser*, the plaintiff, Karen Kooper, claimed that the defendants attempted to destroy

her business by "saying and doing things" while using her name, photo and e-mail address on the

internet." The court held that the claims were outside the scope of N.Y. Gen. Bus. Law § 380-s

because the claims "did not involve credit reporting in any way." *See id.*

The 5632 Plaintiffs, like Karen Kooper, fail to state a claim under N.Y. Gen. Bus. Law

§380-s because they make no claims and state no facts to suggest that the 5632 Defendants'

actions involve credit reporting. Moreover, the 5632 Plaintiffs do not allege that the 5632

Defendants "*use[d]* credit, goods, services or anything else of value in the name of" Katherine

Chan Lo, nor any facts supporting such a claim. N.Y. Gen. Bus. Law § 380-s (emphasis added).

The 5632 Plaintiffs' allegations instead amount to no more than conclusory statements regarding

the manner in which Katherine Chan Lo was identified in the First Action. 5632 Complaint at ¶

47. Accordingly, the 5632 Plaintiffs' claim for identity theft fails.

15

**VII.   5632 COMPLAINT SIXTH CAUSE OF ACTION: MAIL THEFT/LARCENY FAILS BECAUSE IT IS A CRIMINAL OFFENSE THAT DOES NOT CREATE A PRIVATE RIGHT OF ACTION.**

    **A.   18 U.S.C. § 1702 is a Federal Criminal Statute For Larceny and Does Not Create a Private Right of Action.**

The 5632 Plaintiffs allege that the 5632 Defendants violated 18 U.S.C. § 1702, which is a penal statute criminalizing the unauthorized opening of another's mail.  18 U.S.C. § 1702, however, does not create a private right of action.  *See Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 131 (W.D.N.Y. 1979); *see also Bloch v. Pike*, No. CV-09-5503, 2010 U.S. Dist. LEXIS 62359, at *5 (E.D.N.Y. May 20, 2010) ("The only arguably relevant federal statute within the chapter referenced by plaintiff is 18 U.S.C. §1702, which criminalizes the unauthorized opening of another's mail.  There is no federal civil cause of action for such a claim."); *Johnston v. Torres*, No. 88 Civ. 7697, 1990 U.S. Dist. LEXIS 15780, at *4 (S.D.N.Y. Nov. 20, 1990) ("It is well settled that unless specifically provided for, federal criminal statutes rarely create private rights of action.") (citing *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 967 (1958)).  The 5632 Plaintiffs therefore fail to state a claim against the 5632 Defendants for mail theft under 18 U.S.C. §1702 as a matter of law.

    **B.   New York Does Not Recognize a Civil Cause of Action Based Upon Larceny (Section 155.05 of the New York Penal Code).**

Larceny is a criminal statute under section 155.05 of the New York Penal Code.  To the extent the 5632 Plaintiffs bring claims against the 5632 Defendants for unauthorized opening of another's mail under this statute, they fail to state a claim under which relief can be granted.  New York courts have previously held that there is no civil cause of action under section 155.05 of the New York Penal Code.  *See generally, People v. Kahn*, 7 N.Y.S.2d 165, 165 (N.Y. Cty. Ct. 1938); *see also Cohain v. Klimley*, Nos. 08 Civ. 5047, 09 Civ. 4527, 2011 WL 3896095, at

*4 (S.D.N.Y. Aug. 31, 2011) ("Larceny is defined in New York Penal Law § 155.05, and may not be pled as a separate cause of action in a civil case.").

> **C.    Even if the Criminal Statute Permitted a Private Cause of Action the Claim Would Still Fail as the Access to Katherine Chan Lo's Mail Was Authorized by Court Order.**

Even if a civil cause of action were recognized under either the federal or state criminal statute for larceny, the 5632 Plaintiffs would still fail to state a claim for unauthorized opening of the 5632 Plaintiffs' mail. By the 5632 Plaintiffs' own admission, the 5632 Defendants obtained access to Katherine Chan Lo's mail box pursuant to a court order, the Amended TRO. *See* 5632 Complaint at ¶ 16.

## VIII.   5632 COMPLAINT SEVENTH CAUSE OF ACTION:  INVASION OF PRIVACY AND MAIL THEFT FAIL BECAUSE INVASION OF PRIVACY IS NOT A VIABLE TORT CLAIM UNDER NEW YORK LAW.

Claims for invasion of privacy are not recognized as a viable tort claim under New York law. *Messenger ex rel. Messenger v. Gruner + Jahr Printing & Publ'g*, 727 N.E.2d 549, 556 (N.Y. 2000). Invasion of privacy rights are governed by New York Civil Rights Law §§ 50 and 51. However, the remedies under these statutes are only applicable to situations where a person's photograph is used for advertising purposes or the purpose of trade without that person's consent. *See Farrow v. Allstate Ins. Co.*, 862 N.Y.S.2d 92, 93 (N.Y. App. Div. 2008).

The 5632 Plaintiffs' invasion of privacy claims, as well as their mail theft claims, are based entirely on allegations that the 5632 Defendants "opened and read" Katherine Chan Lo's mail without "prior notice to or consent from" Plaintiff Katherine Chan Lo.[6] 5632 Complaint at ¶¶ 18, 55. However, the "unauthorized opening and copying of another's mail does not give rise to an invasion of privacy claim in New York." *Hurwitz v. U.S.*, 884 F.2d 684, 686-88 (2d Cir.

---

[6] The 5632 Plaintiffs acknowledge that the 5632 Defendants opened and read Plaintiff Katherine Chan Lo's mail pursuant to a Court Order. *See* 5632 Complaint at ¶ 16.

17

1989); *see also Bloch*, 2010 U.S. Dist. Lexis 62359, at *5 (citing *Hurwitz* and stating that "New

York does not recognize a tort claim based upon the unauthorized opening of another person's

mail"). The Seventh Cause of Action thus fails to state a claim upon which relief may be

granted.

IX.    **5632 COMPLAINT EIGHTH CAUSE OF ACTION: IS DEFICIENT AS THE 5632 PLAINTIFFS DO NOT PLEAD ANY FACTS EVIDENCING DISCRIMINATION.**

The 5632 Plaintiffs do not specify the legal or factual basis for their discrimination claim

against the Defendants. For purposes of this motion, the 5632 Defendants analyze the plaintiffs'

claims under 42 U.S.C. § 1981, which requires that a plaintiff state sufficient facts in support of

the following elements:

> (1) the plaintiff is a member of a racial minority; (2) an intent to
> discriminate on the basis of race by the defendant; and (3) the
> discrimination concerned one or more of the activities enumerated
> in the statute.

*Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); *Mian v. Donaldson, Lufkin &*

*Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (enumerated activities include make and

enforce contracts, sue and be sued, give evidence, *etc.*). However, even if the 5632 Plaintiffs

brought this claim under New York state law, they would still fail to plead sufficient facts to

survive a motion to dismiss because New York state courts have held that a discrimination claim

based on alleged mistreatment of a person in a personal and business context is not actionable

under City or State Human Rights Laws. *See Papp v. Debbane*, 790 N.Y.S.2d 450, 451 (N.Y.

App. Div. 2005) (no cognizable claim of discrimination where the context did not involve "an

employment relationship or any other sphere of concern under the cited human rights

provisions").

The 5632 Plaintiffs assert a claim for "discrimination," but they do not allege any facts

suggesting that the 5632 Defendants discriminated against Plaintiff Katherine Chan Lo in any

18

manner.  The thrust of their allegations is the 5632 Defendants' continued prosecution of the

First Action is tantamount to discrimination based on their national origin.  The 5632 Plaintiffs

conclude that "[the 5632] Defendants refused to believe Plaintiff Lo and her friends and

colleagues because they are of minority descent and their names on the affidavits had Asian

surnames," *see* 5632 Complaint at ¶ 62, but state no facts as to how they reached that

conclusion.[7]  Conclusory allegations such as these are not sufficient to state a claim for

discrimination.  *Zavalidroga v. Cote*, 395 F. App'x 737, 740 (2d Cir. 2010) (affirming a district

court's granting dismissal where the "allegations of discriminatory intent were wholly

conclusory"); *Masjid Al-Tawheed Inc. v. Town of Putney*, 336 F. App'x 60, 61 (2d Cir. 2009).

Finally, the finding of this Court in its August 1, 2012 hearing, that Katherine Chan Lo is

properly a named party in the First Action, moots the instant claim for discrimination.

## X.   5632 PLAINTIFFS' CLAIMS ARE BARRED TO THE EXTENT THEY ARE COMPULSORY COUNTERCLAIMS OR DEFENSES TO THE FIRST ACTION.

The 5632 Defendants do not agree that any of the claims brought by the 5632 Plaintiffs in

the 5632 Complaint are in any way meritorious.  However, if the Court were to find that any of

these claims survive the standard set forth by Fed. R. Civ. P. 12(b)(6), they are compulsory

counterclaims and defenses to the First Action and not the proper subject of a separate lawsuit.

Under the Federal Rules of Civil Procedure "[a] pleading must state as a counterclaim any claim

that – at the time of its service – the pleader has against any opposing party, if the claim . . .

arises out of the transaction or occurrence that is the subject matter of the opposing party's

claim."  Fed. R. Civ. P. 13(a)(1)(A).  "A claim is compulsory if a logical relationship exists

---

[7] Which refusal to believe was well placed.  At the evidentiary hearing held on August 1, 2012, the Court determined that the First Action Plaintiffs had shown by "really clear and convincing evidence" that Katherine Chan Lo was properly identified and properly named as a Defendant in the First Action.  *See* Lewin Dec. at Exh. A at 132:16-20.

between the claim and the counterclaim and if the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l*, 233 F.3d 697, 699 (2d Cir. 2000). "If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Id.*

Rather than submitting their claims as defenses and counterclaims in the First Action, the 5632 Plaintiffs chose to file a second action in state court, Index No. 154338/2012, which the 5632 Defendants have removed to this Court. It is clear on the face of the 5632 Complaint that the First Action is the basis for all of the claims asserted in the 5632 Complaint and the 5632 Defendants' prosecution of the claims asserted in the First Action. For example, paragraph 6 of the 5632 Complaint states: "[The 5632] Defendants falsely accuse Plaintiff Lo of the manufacture, marketing, distribution, offer for sale, and sale of the counterfeit watches in their civil action 12 CV 4443." 5632 Complaint at ¶ 6. All the claims asserted by the 5632 Plaintiffs are compulsory counterclaims that should have been brought as part of the First Action.

Given that the 5632 Plaintiffs' claims in the instant action arise solely from the First Action and that they have now failed to timely assert these claims as defenses or counterclaims in the First Action, the 5632 Plaintiffs are barred from bringing these claims as a separate subsequent action. *See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992) ("By failing to assert it in a timely responsive pleading, ELUL is now foreclosed from raising [its defense] in any subsequent proceeding – including the post-default damages inquest presently under review"); *Puffin Company, LLC v. Kvitka*, No. CV 06-3579, 2007 U.S. Dist. LEXIS 29382, at *9 (E.D.N.Y. Apr. 19, 2007) (dismissing an action filed by a party in New York where there was already a pending action in another state); *see also Cascio v.*

20

*Nettles*, No. 8:09-CV-1128, 2011 U.S. Dist. LEXIS 97200, at *27-28 (N.D.N.Y. Aug. 30, 2011)

(finding waiver of compulsory claims where the first action was settled two years prior to filing

second action).  There is finally strong public policy limiting spurious actions clogging the

courts' calendars unnecessarily.  The 5632 Complaint is a perfect example of an unnecessary and

inappropriate filing and should be dismissed.

**CONCLUSION**

For all the reasons stated above, the Defendants respectfully request that the Court

dismiss the Plaintiffs' 5632 Complaint in its entirety, and request that the Plaintiffs be precluded

from asserting these and any other claims in the First Action as either defenses or counterclaims,

together with such other and further relief as the Court deems just and proper.

Dated: August 8, 2012
       New York, New York

McCARTER & ENGLISH, LLP


By: /s/Harley I. Lewin
    Harley I. Lewin (HIL 1819)
    245 Park Avenue
    New York, New York 10167
    Telephone: (212) 609-6800
    Facsimile: (212) 609-6921

    Attorneys for Defendants
    Richemont North America, Inc., Cartier, a
    Division of Richemont North America, Inc.,
    and Margarita Wallach, improperly named as
    Margarita B. Wallach

21

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2012, I caused the annexed Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint to be served upon all counsel listed below by first class mail and electronic mail:

> Jeffrey Charles Neiman, Esq.
> Giuttari & Mertz Law Office, P.C.
> Attorneys for Plaintiffs
> 45 West 34th Street, Suite 307
> New York, New York 10001
> jcnlawyer@gmail.com

_____s/Harley I. Lewin_____
Harley I. Lewin (HIL 1819)

MEI 13860852v.7